**Roger Kenneth BATES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 05–04–01404–CR, 05–04–01405–CR.**

Court of Appeals of Texas,
Dallas.

June 15, 2005.

Allan Fishburn, Dallas, for Appellant.

William T. (Bill) Hill, Jr., Christina O'Neil, District Attorney Office, Dallas, for The State.

Before Justices MORRIS, WHITTINGTON, and MAZZANT.

## OPINION

Opinion By Justice MAZZANT.

Roger Kenneth Bates appeals his convictions for sexual assault of a child. A jury found appellant guilty and assessed punishment at eleven years in each case, and the trial court ordered the sentences to run consecutively—"stacking" the sentences. In two issues, appellant argues the trial court erred by stacking the sentences and by including a definition of reasonable doubt in the jury charge. We affirm the trial court's judgments.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with the sexual assault of a child—K.M., appellant's neighbor. K.M., who was eighteen at the time of the trial, testified that the sexual assaults began during the summer between his eighth and ninth grades of school, when K.M. was fourteen years old. K.M. continued to see appellant throughout that summer, and the sexual assaults eventually began occurring daily. Several times during his testimony, K.M. stated that the sexual assaults occurred during the summer of 2000 and continued until May 2001. After May 2001, K.M. and appellant emailed each other and sent instant messages. But K.M. said he met appellant again in February 2002 for another sexual encounter. About a week after that meeting, K.M. told his mother about his relationship with appellant.

K.M.'s parents called the police, and appellant was charged with two counts of sexual assault of a child. The jury convicted appellant of both charges, and it assessed appellant's punishment at eleven years in each case.

After the jury assessed punishment, the State moved to have the sentences stacked pursuant to the Texas Penal Code.[1] Appellant argued against stacking the sentences, stating there had been an assumption the sentences would not be stacked. After hearing arguments, the trial court ordered the sentence in cause number F02–25117–SR to begin on the date of sentencing. It then granted the State's motion and ordered the sentence in cause number F02–25119–SR to begin after appellant served his first sentence.

Appellant brings two issues on appeal, challenging the stacking order and the court's charge to the jury. Appellant does not attack the sufficiency of the evidence to support his conviction.

### THE STACKING ORDER

In his first issue, appellant complains the trial court erred in granting the State's motion to stack appellant's sentences. Appellant specifically argues there was no proof that the offenses had been committed on a date after the statute under which the sentences were stacked became effective.[2] We disagree.

The indictments by which appellant was charged alleged the offenses were committed on or about June 1, 2001 and February 6, 2002. The trial court defined "on or about" as "any date prior to the date of the filing of the indictment, March 19, 2002,

and within the Statute of Limitations." The statute of limitations for sexual assault of a child is ten years from the eighteenth birthday of the victim. TEX. CODE CRIM. PROC. ANN. art. 12.01(5)(B) (Vernon Supp.2004–05). Accordingly, the jury could convict appellant if it found the offenses were committed any time before March 19, 2002.

Penal code section 3.03 addresses when sentences for offenses arising out of the same criminal episode are to run concurrently or consecutively. See TEX. PEN. CODE ANN. § 3.03 (Vernon 2003). Generally, when a defendant is convicted of multiple offenses properly joined and prosecuted in one trial, any resulting sentences must run concurrently. See id. § 3.03(a). However, in 1997, the legislature created exceptions to the general rule. See id. § 3.03(b). One such exception involves the section under which appellant was convicted, section 22.011—sexual assault. See id. § 3.03(b)(2)(A). This exception was specifically made nonretroactive and applies only to offenses committed on or after September 1, 1997. See Act of June 13, 1997, 75th Leg., R.S., ch. 667, § 7, 1997 Tex. Gen. Laws 2250, 2252–53. Accordingly, the trial court could have ordered appellant's sentences to run consecutively unless the offenses were committed before September 1, 1997.

Appellant argues that the jury was required to find as a fact that the offenses occurred on or after September 1, 1997. We disagree. The date of commission is not an element of the crime with which appellant was charged. Further, section 3.03(b) does not require a specific finding of date of commission in order to bestow

---

1. See TEX. PEN.CODE ANN. § 3.03(b)(2) (Vernon 2003).

2. Although appellant raises the cumulation issue using an argument he did not raise at trial, we address his argument. See LaPorte v.

State, 840 S.W.2d 412, 415 (Tex.Crim.App. 1992) ("An improper cumulation order is, in essence, a void sentence, and such error cannot be waived.").

on the trial court the discretion to stack the sentences. Accordingly, we conclude that a specific finding is not required. Instead, if the evidence shows the offenses at issue occurred after the effective date of section 3.03(b)—after September 1, 1997—then the trial court has the authority to stack the sentences. *See Yebio v. State,* 87 S.W.3d 193, 195 (Tex.App.-Texarkana 2002, pet. ref'd).

K.M. testified the first sexual assault occurred in the summer between his eighth and ninth grades of school—the summer of 2000. There was no evidence indicating any sexual assault occurred before the summer of 2000. Accordingly, the evidence supports the trial court's exercise of discretion under penal code section 3.03(b), and the order stacking the sentences is not void. We resolve appellant's first issue against him.

### THE COURT'S CHARGE

In his second issue, appellant argues the trial court erred by including a definition of reasonable doubt in the jury charge. Specifically, appellant complains of the following language: "It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all 'reasonable doubt' concerning the defendant's guilt." Appellant argues that this language provides a definition of reasonable doubt, violating *Paulson v. State,* 28 S.W.3d 570, 573 (Tex.Crim.App.2000), which indicated the better practice was to give no definition.

This Court, however, has specifically concluded that the quoted language does not define reasonable doubt. *See O'Canas v. State,* 140 S.W.3d 695, 701–02 (Tex.App.-Dallas 2003, pet. ref'd). Having already rejected the precise argument made by appellant, we resolve his second issue against him.

We affirm the trial court's judgments.