IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NOS. AP-75,116/17
 





EX PARTE JAQUELINO BAHENA, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 IN CAUSE NUMBERS 804434 & 804433


FROM THE 184TH DISTRICT COURT OF HARRIS COUNTY




 Hervey, J., delivered the opinion of the Court in which Keller, PJ., Meyers, Price,
Womack, Johnson, Keasler and Cochran, JJ., joined. Holcomb, J., dissented. 



O P I N I O N 



 We filed and set this case to address applicant's claim that his trial and appellate counsel
provided constitutionally deficient and prejudicial legal representation (1) because they did not
challenge the validity of applicant's stacked sentences for two convictions (cause numbers 804432
and 804433) for aggravated sexual assault of a child arising out of the same criminal episode and
prosecuted in a single criminal action. We will deny habeas corpus relief.

 The general rule is that multiple sentences for multiple convictions arising out of the same
criminal episode and prosecuted in a single criminal action shall run concurrently. See Tex. Pen.
Code, § 3.03(a). In 1997, the Legislature amended Section 3.03 to authorize stacked sentences for
convictions for aggravated sexual assault. See Acts 1997, 75th Leg., R.S., ch. 667, Sections 2(b), 8,
p. 2251, 2253, eff. Sept. 1, 1997 (currently codified in Tex. Pen. Code, § 3.03(b)(2)(A)). These
1997 amendments became effective September 1, 1997, and they provided that the change in law
"applies only to an offense committed on or after the effective date of this Act" and that an "offense
committed before the effective date of this Act is covered by the law in effect when the offense was
committed, and the former law is continued in effect for that purpose." See Acts 1997, 75th Leg.,
R.S., ch. 667, Section 7(a), (b), p. 2252-53. (2)

 Applicant claims that trial and appellate counsel performed deficiently for not challenging
his stacked sentences because the indictment in cause number 804433 alleged that applicant
committed the aggravated sexual assault of a child charged in that indictment before September 1,
1997. Applicant, therefore, claims that the sentence for this offense cannot be stacked onto the
sentence for the other offense. (3)

 The habeas record reflects that both indictments charging applicant with aggravated sexual
assault of a child were filed on March 2, 1999. The indictment in cause number 804433 alleged that
applicant committed the offense "on or about July 1, 1996." The indictment in cause number
804432 alleged that applicant committed the offense "on or about August 1, 1998." Both
indictments alleged that applicant committed the offenses against the same complainant and that he 
"cause[d] the sexual organ of [the complainant], a person younger than fourteen years of age and not
the spouse of [applicant], to CONTACT the MOUTH of [applicant]." (4) The Court of Appeals'
opinion affirming both convictions states that the "complainant testified in detail to a series of sexual
assaults perpetrated by [applicant] that began when she was ten years old and included the assaults
alleged in the indictments." See Bahena v. State, Nos. 14-01-01155/56-CR, slip op. at 2
(Tex.App.-Houston [14th Dist.], delivered January 30, 2003, no pet.) (not designated for publication).

 The habeas record (including factual assertions in applicant's writ) also indicates that the
complainant testified at applicant's trial that she was born on September 21, 1984. Applicant's writ
asserts that "[d]uring the course of the trial the State emphasized that Applicant had acted out his
deranged sexual impulses on [the complainant] on multiple occasions from her age of (9) years old
to (14) years old." This would have occurred sometime between September 21, 1993, and up to at
least September 20, 1998 (the day before the complainant's fourteenth birthday). Applicant's writ
also asserts that the complainant "testified that the last time Applicant had sexually abused her was
when she was (13) years old while in (8th) grade." This would have occurred sometime after
September 21, 1997. (5)

 Based on the evidence set out above and the "on or about" language in applicant's March 2,
1999, indictments, (6) there is some evidence that applicant committed these charged offenses before
and after September 1, 1997. (7) This is similar to the Austin Court of Appeals' decision in Owens
where multiple indictments charged the defendant with committing aggravated sexual assault of a
child "on or about May 15, 1999." See Owens, 96 S.W.3d at 671. The State presented evidence at
trial "of multiple and frequent abusive episodes, each constituting one or more of the charged
offenses, likely beginning sometime in 1996 and continuing unabated until the date of the outcry in
May 1999." See id. The Austin Court decided that the trial court could "order consecutive sentences
so long as some evidence indicated that [the defendant] committed the crimes he was convicted of
after September 1, 1997." See Owens, 96 S.W.3d at 672; see also Dale, 170 S.W.3d at 801 n.2
(consecutive sentences authorized when offenses occurred frequently between "August of 1991 and
ending in 1998"). (8)

 Although none of the intermediate appellate court decisions (Bates, Dale, Hendrix, Owens,
and Yebio) cited in this opinion had been decided at the time of applicant's 2001 retrial, they
nevertheless demonstrate that the issue of whether stacked sentences are authorized in cases like this
is an unsettled area of law. See Vaughn v. State, 931 S.W.2d 564, 567 (Tex.Cr.App. 1996)
(ineffective assistance of counsel claim cannot be based on alleged errors of counsel "when the
caselaw evaluating counsel's actions and decisions in that instance was nonexistent or not
definitive"). It is not necessary in this case to settle this issue to dispose of applicant's ineffective
assistance of counsel claim. It is necessary to decide only that it would not have been unreasonable
for applicant's trial and appellate counsel to have believed that applicant's sentences could have been
stacked based on law that was unsettled at the time and is unsettled to this day. See id. (unnecessary
to decide merits of the substantive claim underlying defendant's ineffective assistance of counsel
claim, because defendant still could not establish counsel's ineffectiveness even if the substantive
claim was resolved in defendant's favor). This is dispositive of applicant's ineffective assistance
of counsel claim. See id.; see also Ex parte Chandler, 182 S.W.3d 350, 357-59 (Tex.Cr.App. 2005)
(attorney is not liable for an error in judgment on an unsettled proposition of law).

 Habeas corpus relief is denied.


 Hervey, J.

Delivered: June 28, 2006

Publish

1. See generally Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (defendant claiming
ineffective assistance of counsel must show that counsel provided objectively deficient legal
representation which prejudiced the defendant).
2. The Legislature could have made this statutory scheme clearer. For example, when the
Legislature amended Section 3.03 in 1995 to authorize consecutive sentences for multiple
intoxication manslaughter offenses arising out of the same criminal episode and prosecuted in a
single criminal action, it more specifically stated that the "change in law made by this Act applies
to the joinder of prosecutions of offenses arising out of a single criminal episode only if each
offense is committed on or after the effective date of this Act." See Acts 1995, 74th Leg., R.S., ch.
596, Sections 1(b)(1), 2, p. 3435. (Emphasis supplied).
3. The convicting court ordered affidavits from applicant's trial and appellate counsel. Trial
counsel's affidavit does not address the "stacking" issue. Appellate counsel asserted in her affidavit
that she did not raise the "stacking" issue on appeal because "the trial court in fact has discretion to
order either cumulative or concurrent sentences under [Article 42.08, Tex. Code Crim. Proc.]." 
The convicting court's findings state that applicant failed to show that the actions of trial and
appellate counsel "fell below an objective reasonable standard under prevailing professional norms"
and that the "trial court did not err in exercising its discretion to order that the sentences in these two
cases run consecutively." 
4. It also appears, based on the habeas record applicant presents, that applicant was arrested on
February 2, 1999, that his first trial in September 1999 resulted in a mistrial, and that he was
ultimately convicted at a retrial in October 2001.
5. In its brief, the State asserts:


 The 1996 case, cause number 804433, was an occasion where the Applicant bought
the victim a swimsuit and before she went out to swim with her brothers, the
Applicant pulled down her underwear and then put his mouth on her vagina. (R.R.
IV-66). The 1998 case, cause number 804432, was an occasion where the victim was
staying the night at the Applicant's house and was already asleep when the Applicant
entered her bed, took down her underwear, licked her anus, and put his mouth on her
vagina. (R.R. IV-72). The indictments in these cases reflect the same wording with
only the date of offense alleged being different. See Indictments in cause numbers
804432 and 804433.


 However, even if the two offenses are part of the same criminal episode and [Section
3.03] does apply, the Applicant still cannot show ineffectiveness of trial counsel for
failing to object because the trial court still could have properly stacked the sentences
under this section. Applicant was properly punished under the law in effect for his
1996 case. When applicant committed the 1998 offense after [Section 3.03] was
amended, the 1998 offense could be properly stacked on the 1996 case and Applicant
would have received a valid punishment given the laws in effect at the time each
offense was committed.
6. See Sledge v. State, 953 S.W.2d 253, 256 (Tex.Cr.App. 1997) (well settled that "on or about"
language in indictment allows the State to prove a date other than the one alleged in the indictment
as long as the date is anterior to the presentment of the indictment and within the statutory limitation
period).
7. See Bates v. State, 164 S.W.3d 928, 930-31 (Tex.App.-Dallas 2005, no pet.); Dale v. State,
170 S.W.3d 797, 800-01 (Tex.App.-Fort Worth 2005, no pet.); Hendrix v. State, 150 S.W.3d 839,
852-54 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd).; Owens v. State, 96 S.W.3d 668, 671-72
(Tex.App.-Austin 2003, no pet.); Yebio v. State, 87 S.W.3d 193, 195-96 (Tex.App.-Texarkana 2002,
pet. ref'd). 
8. Other intermediate appellate court decisions are not clear on whether consecutive sentences
are authorized in cases like this because all of the incidences of sexual abuse in those cases occurred
either before or after September 1, 1997. See Bates, 164 S.W.3d at 930 (consecutive sentences
authorized when none of the sexual abuse incidents could have occurred before September 1, 1997);
Hendrix, 150 S.W.3d at 851-54 (consecutive sentences authorized when "as a whole, the evidence"
showed that the sexual abuse incidents occurred after September 1, 1997); Yebio, 87 S.W.3d at 195-97 (consecutive sentences not authorized when none of the sexual abuse incidents could have
occurred after September 1, 1997).