AFFIRM; Opinion Filed December 5, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

No. 05-11-01282-CR

---

SAMUEL WILLARD TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 291st Criminal District Court
Dallas County, Texas
Trial Court Cause No. F10-72404-U

---

# MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Moseley

A jury convicted Samuel Willard Taylor of aggravated sexual assault of a child under six years of age. He asserts two issues in this appeal: (1) the evidence was legally insufficient to prove the element of penetration, and (2) the trial court erred by including a definition of reasonable doubt in the jury charge. The background and facts of the case are well-known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Taylor's first issue challenges the evidence showing he penetrated the victim's sexual organ. The child victim testified that Taylor penetrated her vagina with his finger.[1] The State could meet its burden through the testimony of the child victim alone. *See* TEX. CODE. CRIM. PROC. ANN. Art. 38.07(a) (West Supp. 2011); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd). We overrule Taylor's first issue.

Taylor's second issue challenges the jury charge, which included the following instruction: "It is not required that the prosecution proves guilt beyond all possible doubt; it is required that the prosecution's proof excludes all 'reasonable doubt' concerning the defendant's guilt." This Court previously considered this instruction and concluded it does not define "reasonable doubt." *O'Canas v. State*, 140 S.W.3d 695, 702 (Tex. App.—Dallas 2003, pet. ref'd); *accord Bates v. State*, 164 S.W.3d 928, 931 (Tex. App.—Dallas 2005, no pet.). We overrule Taylor's second issue.

Having resolved Taylor's two issues, we affirm the trial court's judgment.

_____
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111282F.U05

---

[1] At trial, the child victim used the terms "tinkle" and "booty" to describe her genitals. She testified:

Q.    And when he touched your tinkle with his fingers, did it go inside your tinkle or outside your tinkle?
A.    Inside.
Q.    Inside. And how did that make your tinkle feel?
A.    Bad.

A child victim "may testify using language appropriate for her age to describe the sexual assault." *Karnes v. State*, 873 S.W.2d 92, 96 (Tex. App.—Dallas 1994, no pet.); *see also Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) ("[W]e cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults.").



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAMUEL WILLARD TAYLOR, Appellant

No. 05-11-01282-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Criminal District Court of Dallas County, Texas. (Tr.Ct.No. Cause No. F10-72404-U).
Opinion delivered by Justice Moseley, Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 5, 2012.

JIM MOSELEY
JUSTICE