**AFFIRM; Opinion Filed October 30, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01331-CR

## VELMOR PERALTA ESTILLORE, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F11-11108-W

## MEMORANDUM OPINION
Before Justices Moseley, Lang, and Brown
Opinion by Justice Moseley

A jury convicted Velmor Peralta Estillore of indecency with a child and assessed punishment at twelve years' confinement and a $10,000 fine. He raises two issues in this appeal: (1) the evidence is legally insufficient to support the conviction and (2) the trial court erred by including a definition of reasonable doubt in the jury charge. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

When reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v.*

*Virginia,* 443 U.S. 307, 319 (1979); *Lucio v. State,* 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011). We defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson,* 443 U.S. at 326. We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

As applicable here, a person commits indecency with a child if the person engages in sexual contact with a child younger than seventeen years of age. TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). Sexual contact means any touching by a person of any part of the genitals of a child if committed with intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1). The testimony of the child victim alone is sufficient to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. ART. 38.07 (West Supp. 2013); *Carter v. State*, No. 05-06-01425-CR, 2008 WL 2808930, at *1 (Tex. App.—Dallas July 22, 2008, no pet.) (mem. op., not designated for publication).

In his first issue, Estillore complains that the evidence is insufficient to prove he engaged in the charged conduct with the specific intent to arouse or gratify his sexual desire. The specific intent to arouse or gratify the sexual desire of a person may be inferred from conduct, remarks, or all the surrounding circumstances. *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *Billy v. State,* 77 S.W.3d 427, 429 (Tex. App.—Dallas 2002, pet. ref'd).

The complaining witness, C.S., testified Estillore was his gymnastics coach from the age of nine to fifteen. When C.S. was twelve, Estillore started to "hang out" with C.S. outside of the gym. C.S.'s relationship with Estillore began to change and Estillore started to hug and kiss C.S. and tell him "I love you." Estillore also requested C.S. call him before C.S. went to sleep at night.

C.S. testified that while he, C.S., was younger than seventeen years of age, Estillore touched his penis, they masturbated each other, and touch their penises together. When they masturbated each other Estillore made C.S. "continue masturbating him until . . . he ejaculated."

Viewing the evidence (including that summarized above) in the light most favorable to the verdict, we conclude a rational trier of fact could have inferred Estillore had specific intent to arouse or gratify his sexual desire. *See McKenzie*, 617 S.W.2d at 216. Thus, a rational jury could have found Estillore guilty of indecency with a child beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 21.11; *Jackson*, 443 U.S. at 319; *Lucio*, 351 S.W.3d at 894–95. We overrule Estillore's first issue.

Estillore's second issue challenges the jury charge, which included the following instruction: "It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt." This Court previously considered this instruction and concluded it does not define "reasonable doubt." *O'Canas v. State*, 140 S.W.3d 695, 702 (Tex. App.—Dallas 2003, pet. ref'd); *accord Bates v. State*, 164 S.W.3d 928, 931 (Tex. App.—Dallas 2005, no pet.). We overrule Estillore's second issue.

Having resolved Estillore's two issues, we affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
121331F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VELMOR PERALTA ESTILLORE,
Appellant

No. 05-12-01331-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-11108-W.
Opinion delivered by Justice Moseley.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of October, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE