

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0354-12

---

### THE STATE OF TEXAS

### v.

### CARL ALAN BENNETT, Appellee

---

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

---

KEASLER, J., delivered the opinion of the Court, in which KELLER, P.J., JOHNSON, HERVEY, COCHRAN, and ALCALA, JJ., joined. KELLER, P.J., filed a concurring opinion, in which PRICE, J., joined as to Part I. JOHNSON, J., filed a concurring opinion. COCHRAN, J., filed a concurring opinion. MEYERS, J., filed a dissenting opinion. PRICE, J., filed a dissenting opinion. WOMACK, J., concurred.

### O P I N I O N

In his motion for new trial, Carl Bennett alleged that he received ineffective assistance

of counsel. The trial judge agreed and granted him a new trial. The court of appeals reversed

and found that trial counsel was not ineffective for failing to challenge Bennett's indictment

on statute-of-limitations grounds because the legal basis of such a challenge was unsettled.

We agree and affirm the court of appeals' judgment.

On December 1, 2009, Bennett was indicted for aggravated assault allegedly occurring on June 5, 2007. After being found guilty, Bennett filed a motion for new trial alleging ineffective assistance of counsel. Bennett claimed that the statute of limitations for aggravated assault was two years, and therefore counsel's failure to challenge the indictment on that basis deprived him of ineffective assistance of counsel. Bennett supplemented his motion for new trial with his trial counsel's affidavit, in which he claimed that he did not challenge the indictment on that basis because, based on his review of Texas Code of Criminal Procedure article 12.01(6),[1] he believed that the statute of limitations was three years. The judge granted Bennett a new trial, stating that while he would have denied such a challenge because superior courts have held the statute of limitations to be three years, counsel should have nonetheless preserved the issue for appeal. The State appealed.

Because the statute of limitations is controlled by statute, the preliminary issue in the court of appeals was determining which statute applied. Article 12.01's catch-all provision provides that all felonies not specifically listed have a three-year statute of limitations, where as article 12.03(d) states "[e]xcept as otherwise provided by this chapter, any offense that bears the title 'aggravated' shall carry the same limitations period as the primary crime." In this case, under article 12.01's catch-all provision the statute of limitations for aggravated

---

[1] TEX. CODE CRIM. PRO. art. 12.01(6) (West 2006) (providing a statute of limitations of "three years from the date of the commission of the offense: all other felonies.") (currently TEX. CODE CRIM. PRO. art. 12.01(7) (West 2012)).

assault would be three years; under article 12.03(d) it would be two.[2] In its analysis, the court of appeals discovered that we have not spoken with one voice on the matter.[3] The court noted that in *Hunter v. State*[4] we stated, in dicta and without citation to either statute, that the statute of limitations for aggravated assault was three years.[5] In *Ex parte Salas*—again in dicta, but with citations to both statutes—we stated that the limitations period "has long been three years."[6] In *Ex parte Matthews*, we cited to article 12.03(d) in finding that the statute of limitation applicable to aggravated perjury is two years because that is the statute of limitations applicable to perjury, the primary crime.[7] The court of appeals read *Hunter* and *Salas* as holding the statute of limitations for aggravated assault is three years.[8] Acknowledging Bennett's claim that *Matthews* implicitly overruled the previous cases, it found that the law is unsettled and therefore counsel could not be found ineffective for not

---

[2] *Id.* art. 12.02 (West 2012) (providing a two-year statute of limitations for misdemeanors); TEX. PENAL CODE § 22.01(b).

[3] *See State v. Bennett*, No. 05-11-00252-CR, 2012 WL 11181, *2-3 (Tex. App.—Dallas Jan. 4, 2012) (mem. op, not designated for publication).

[4] 576 S.W.2d 395, 399 (Tex. Crim. App. 1979).

[5] *Bennett*, 2012 WL 11181, at *2.

[6] *Ex parte Salas*, 724 S.W.2d 67, 68 (Tex. Crim. App. 1987).

[7] *Ex parte Matthews*, 933 S.W.2d 134, 136 (Tex. Crim. App. 1996), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998).

[8] *Bennett*, 2012 WL 11181, at *3.

asserting the statute-of-limitations challenge.[9] The court of appeals concluded that "the trial court did not have discretion to grant a new trial based on failure to preserve that claim for appellate purposes."[10]

To prevail on this claim, Bennett must show that trial counsel's performance was deficient and this deficient performance prejudiced him.[11] However, we have repeatedly declined to find counsel ineffective for failing to take a specific action on an unsettled issue.[12] Like the court of appeals, we find that the particular statute-of-limitations question presented here is unsettled. At the time of Bennett's trial, *Salas* and *Hunter*—despite the lack of substantive analysis or necessity to address the issue—supported counsel's belief that the statute of limitations was three years. That *Matthews* may be inconsistent with our previous cases' statements on the applicable statute-of-limitations period further supports the conclusion that this is an unsettled issue. Our conclusion that the law is unsettled disposes of Bennett's ineffective-assistance-of-counsel claim and precludes an opportunity to resolve

---

[9] *Id.* at * 3 (citing *Ex parte Chandler*, 182 S.W.3d 350 (Tex. Crim. App. 2005)).

[10] *Id.* at * 4.

[11] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[12] *See, e.g.*, *Ex parte Smith*, 296 S.W.3d 78, 81 (Tex. Crim. App. 2009); *Ex parte Roemer*, 215 S.W.3d 887, 894 (Tex. Crim. App. 2007); *Ex parte Bahena*, 195 S.W.3d 704, 707 (Tex. Crim. App. 2006); *Ex parte Chandler*, 182 S.W.3d 350, 358-59 (Tex. Crim. App. 2005).

the underlying statute-of-limitations issue.[13]

The court of appeals' judgment is affirmed.

DELIVERED: November 27, 2013

PUBLISH

---

[13] *See Chandler*, 182 S.W.3d at 358-59 ("[L]egal advice which only later proves to be incorrect does not normally fall below the objective standard of reasonableness under *Strickland*.").