

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1099-13

**RONALD ANTONIO BONILLA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### BRAZOS COUNTY

**ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined.**

### CONCURRING OPINION

I concur in the Court's judgment upholding the trial court's cumulation order against Ronald

Antonio Bonilla, appellant, but I do not join the majority opinion. Although I agree with all of the

Court's analysis on the ultimate merits and its conclusion that there is "some evidence" in the record

to support the trial court's cumulation order, I disagree that preservation of error is required to assert

this sufficiency-of-the-evidence challenge on appeal.

Addressing appellant's challenge to the adequacy of the evidence supporting the cumulation

order, the court of appeals conducted a "some evidence" test that examined the record for any

evidence that would support the trial court's order. *Bonilla v. State*, No. 10-12-00064-CR, 2013 WL 3482127, at *4 (Tex. App.—Waco July 11, 2013) (mem. op., not designated for publication).[1] The court of appeals determined that "there was some evidence that the offenses for counts three and four occurred after September 1, 1997," based on the trial record that showed that appellant committed "many instances" of indecency with a child occurring on or after that date. *Id*. The court of appeals observed that the 1995 date that was recited in the indictment and in the written judgments was not dispositive because, in light of the State's use of the "on or about" language, it was free to prove that the offenses occurred on any date prior to the presentment of the indictment and within the limitations period. *Id.*

Although the court of appeals refers to its test as the "some evidence" test, I conclude that it is essentially applying the *Jackson v. Virginia* sufficiency-of-the-evidence test to the trial court's cumulation order. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The *Jackson* sufficiency-of-the-evidence test, although generally used to determine whether sufficient evidence exists in the record to support each element of the offense, has also been used by this Court to review other evidence-based challenges. *See, e.g., Moreno v. State*, 415 S.W.3d 284, 288 (Tex. Crim. App. 2013) (probable-cause affidavits); *Coble v. State*, 330 S.W.3d 253, 265 (Tex. Crim. App. 2010) (future-

---

[1]    A trial court is authorized under the Texas Penal Code to cumulate a defendant's sentences for offenses of indecency with a child occurring on or after September 1, 1997. *See* TEX. PENAL CODE § 3.03(b)(2).  The Texas Penal Code states, "(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of: . . . (2) an offense: (A) . . . under Section 21.11 . . . committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once[.]" TEX. PENAL CODE § 3.03(b)(2)(A).  This provision permitting cumulation of sentences for indecency with a child applies only to those offenses committed after the statute's effective date of September 1, 1997. *See* Acts 1997, 75th Leg., R.S., ch 667, § 7.

dangerousness special issue); *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (affirmative deadly-weapon findings); *see also Johnson v. State,* 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (explaining that *Jackson* test is used for assessing evidence sufficiency for matters that relate "directly or indirectly to a defendant's guilt or sentence"). Because the appellate complaint here rests on whether there is any evidence in the record to support the cumulation order, it is analytically similar to other situations involving a review of the sufficiency of the evidence related to a defendant's sentence, and therefore, I conclude that the essence of the *Jackson* test applies by analogy. And that is essentially the test that other courts of appeals have applied to this situation. *See Owens v. State*, 96 S.W.3d 668, 672 (Tex. App.—Austin 2003, no pet.) ("Although the victim's testimony sometimes conflicted as to the dates of the sexual assaults, a reasonable view of the evidence as a whole supported the trial court's exercise of its discretion to run Owens's sentences consecutively."); *Bates v. State*, 164 S.W.3d 928, 931 (Tex. App.—Dallas 2005, no pet.) (stating that, "if the evidence shows the offenses at issue occurred after the effective date of section 3.03(b) . . . then the trial court has the authority to stack the sentences," and upholding cumulation order because "[t]here was no evidence indicating any sexual assault occurred before the summer of 2000"); *Hendrix v. State*, 150 S.W.3d 839, 854 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (applying some-evidence test and upholding cumulation order because "[t]he evidence shows that the incidents of sexual abuse against B.S. continued to occur up until 2001, well after the September 1, 1997 effective date of the cumulation statute").

Like all challenges to the sufficiency of the evidence, it is unnecessary for an appellant to preserve this type of complaint with an objection at trial. *See Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001). I, therefore, disagree with the majority opinion's determination that it was

appellant's obligation to complain in the trial court that the cumulation order was improper. I also find it peculiar that the majority opinion would give appellant relief if there were no evidence to support the cumulation order on the basis that, in those circumstances, the improper stacking order would render appellant's sentence illegal. *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992) ("An improper cumulation order is, in essence, a void sentence, and such error cannot be waived.").[2] My bottom line is that I am unpersuaded by the reasoning of the majority opinion that boils down to this:

| An appellant <u>loses</u> on appeal: | An appellant <u>wins</u> on appeal: | This is the result: |
|---|---|---|
| 1. when he does not preserve his complaint, or 2. when there is some evidence to support the cumulation order. | when there is no evidence to support the cumulation order, because that is an illegal sentence for which an appellant obtains relief regardless of error preservation. | To lose his appeal, an appellant must preserve error, but to win his appeal, no preservation of error is required. |

Because it would grant relief only under circumstances in which no preservation of error is required and would deny relief when error has been preserved, the majority opinion's reasoning to

---

[2]    I note that this is not a situation where the challenge is to the procedures employed with respect to the cumulation order, which was the situation in *Ex parte McJunkins*, 954 S.W.2d 39, 39 (Tex. Crim. App. 1997) (op. on reh'g). Because *McJunkins* addressed only a procedural irregularity in the way the trial court imposed the agreed-upon cumulative sentences, it cannot stand for the proposition that a sufficiency-of-the-evidence complaint challenging a cumulation order must be preserved for appeal through a timely objection at trial. *See id*. *McJunkins*, therefore, is of little consequence to the matters raised in this appeal.

require preservation of error is unpersuasive to me. I see no basis for imposing a preservation requirement in these circumstances, when the preservation analysis will always lead to the same result as the error analysis, and the two inquiries could thus be conflated into the simpler, more appropriate test—the traditional sufficiency of the evidence review—that is tailored to address sufficiency-of-the-evidence complaints like the one asserted in this case. I conclude that appellant did not forfeit his complaint with respect to the trial court's cumulation order because his complaint is in the nature of a sufficiency-of-the-evidence challenge, which does not need to be preserved for appeal. Analyzing the evidence in the record as a whole, I would hold that there is sufficient evidence supporting the trial court's cumulation order. I, therefore, would affirm the judgment of the court of appeals upholding the trial court's cumulation order.

Filed: November 19, 2014

Publish