# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00839-CR

**Armando Castilleja, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2011-410, THE HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Armando Castilleja guilty of multiple child sexual abuse offenses—six counts of indecency with a child by sexual contact and two counts of aggravated sexual assault of a child—for sexually abusing his adopted daughter, T.C., during her childhood.[1] *See* Tex. Penal Code §§ 21.11(a)(1), 22.021(a)(1)(B).  The jury assessed 20 years in prison and a $1,000 fine as appellant's punishment for each of the indecency counts, and 99 years in prison and a $1,000 fine as his punishment for each of the aggravated-sexual-assault counts.  *See id.* §§ 12.32,

---

[1] The jury heard evidence that appellant perpetrated various sexual acts against his adopted daughter on frequent and repeated occasions beginning when T.C. was eight and ending when she was 13 or 14, including touching her breasts, kissing and sucking her breasts, "trying to lick [her] vagina," touching her genitals (rubbing "[her] vagina" outside her underwear as well as "stick[ing] his hands inside [her] underwear" and "rub[bing] [her] clit area"), penetrating her sexual organ with his fingers, and getting on top of her and "grinding" his penis against her sexual organ.  Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* Tex. R. App. P. 47.1, 47.4.

12.33.  The trial court sentenced appellant in accordance with the jury's verdict, ordering some of the sentences to be served consecutively.  *See id.* § 3.03(b)(2)(A).  On appeal, appellant challenges the trial court's cumulation order and complains about the admission of photographic evidence.  Finding no reversible error, we affirm the trial court's judgments of conviction for counts one, two, three, four, five, six, and seven.  To correct non-reversible error in the judgment of conviction for count eight, we modify that judgment and, as modified, affirm the trial court's judgment of conviction for count eight.

## DISCUSSION

### Cumulation of Sentences

After the jury returned its punishment verdict, the State requested that appellant's sentences be "stacked."[2]  Ultimately, in the oral pronouncement of sentence, the trial court ordered the sentences for counts one, two, and three to run concurrently with each other, and then ordered the sentences for counts four, five, six, seven, and eight to run concurrently with each other but consecutively to the sentences for counts one, two, and three.  The written judgments of conviction reflect that cumulation order:  the concurrent sentences for counts four through eight are "stacked" on the concurrent sentences for counts one through three.  In his first two points of error, appellant claims that the trial court erred in cumulating his sentences.

---

[2]  The jury assessed the following prison sentences:  20 years for count one (indecency with a child by sexual contact), 20 years for count two (indecency with a child by sexual contact), 20 years for count three (indecency with a child by sexual contact), 20 years for count four (indecency with a child by sexual contact), 99 years for count five (aggravated sexual assault of a child), 20 years for count six (indecency with a child by sexual contact), 99 years for count seven (aggravated sexual assault of a child), and 20 years for count eight (indecency with a child by sexual contact).

2

Appellant raises his complaints about the cumulation of his sentences for the first time on appeal. However, an improper cumulation order is a void sentence, and such error cannot be waived. *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992); *see Levy v. State*, 818 S.W.2d 801, 802 (Tex. Crim. App. 1991) (sentences not authorized by law are void; defect which renders sentence void may be raised at any time). Therefore, a contemporaneous objection is not necessary to preserve cumulation error for appellate review, *LaPorte*, 840 S.W.2d at 415, and we examine whether it was error for the trial court to cumulate these five sentences.

When multiple offenses arising out of the "same criminal episode" are tried in the same criminal action, the sentences must be concurrent unless a specific statutory exception within chapter three of the Texas Penal Code provides otherwise.[3] *See* Tex. Penal Code § 3.03(a); *Sullivan v. State*, 387 S.W.3d 649, 651 (Tex. Crim. App. 2013). One such exception provides that consecutive sentences may be imposed for convictions for certain types of sexual offenses if the offenses were committed against a child victim. *See* Tex. Penal Code § 3.03(b)(2)(A). This exception applies only to offenses committed on or after September 1, 1997.[4] *See* Act of May 24,

---

[3] The joinder statutes of the Penal Code allow the State to prosecute a defendant "for all offenses arising out of the same criminal episode" in a single criminal action. *See* Tex. Penal Code § 3.02(a). A "criminal episode" includes "the commission of two or more offenses [when] . . . the offenses are the repeated commission of the same or similar offenses." *Id.* § 3.01.

[4] The provision of section 3.03 of the Texas Penal Code adding the exception for the cumulation of sentences for child sexual abuse offenses, section 3.03(b)(2)(A), was enacted in 1997 and became effective September 1, 1997. *See* Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 891, *amended by* Act of May 31, 1997, 75th Leg., R.S., ch. 667, §§ 2, 8, sec. 3.03, 1997 Tex. Gen. Laws 2250, 2251–53 (now codified at Tex. Penal Code § 3.03(b)(2)(A)). The savings clause to the bill amending section 3.03 to add the exception provides, in relevant part, that "[t]he change in law made by this Act applies only to an offense committed on or after the effective date of this Act." *See* Act of May 31, 1997, 1997 Tex. Gen. Laws at 2253.

1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 891, *amended by* Act of May 31, 1997, 75th Leg., R.S., ch. 667, §§ 2, 8, sec. 3.03, 1997 Tex. Gen. Laws 2250, 2251–53 (now codified at Tex. Penal Code § 3.03(b)(2)(A)).  In his first point of error, appellant contends that the trial court's cumulation order is invalid because the evidence fails to support a finding that the offenses for which the sentences were cumulated occurred after September 1, 1997, the date on which section 3.03(b)(2)(A), authorizing cumulation, became effective.

The eight counts of the indictment allege that appellant perpetrated the offenses against T.C. "on or about" particular dates in 1996, 1997, and 1998, and the written judgments of conviction recite as the offense date the date alleged in the corresponding count.[5]  However, the offense dates before September 1, 1997, alleged in counts four and five of the indictment and recited in the judgments for those counts, do not necessarily render the trial court's order stacking those sentences invalid.  *See Hendrix v. State*, 150 S.W.3d 839, 853 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).  Under section 3.03, the date that appellant committed the offenses against T.C. determines whether the sentences may run consecutively.  As discussed below, if the evidence shows the offenses were committed on or after September 1, 1997, cumulation is permitted.

---

[5] The indictment alleged that appellant committed:  indecency with a child by sexual contact on or about January 1, 1996 (count one); indecency with a child by sexual contact on or about January 1, 1996 (count two); indecency with a child by sexual contact on or about February 1, 1996 (count three); indecency with a child by sexual contact on or about August 1, 1997 (count four); aggravated sexual assault of a child on or about August 1, 1997 (count five); indecency with a child by sexual contact on or about August 1, 1998 (count six); aggravated sexual assault of a child on or about August 1, 1998 (count seven); and indecency with a child by sexual contact on or about August 1, 1998 (count eight).

"The date of commission [of an offense] is not an element of any crime, and section 3.03(b) does not specify an evidentiary burden to trigger the court's authority to cumulate sentences." *Owens v. State*, 96 S.W.3d 668, 672 (Tex. App.—Austin 2003, no pet.); *see Bates v. State*, 164 S.W.3d 928, 930 (Tex. App.—Dallas 2005, no pet.). A trial court has discretion to cumulate sentences under section 3.03(b) when there is some evidence that the offenses occurred after September 1, 1997, the effective date of the cumulation statute. *Bates*, 164 S.W.3d at 931; *Hendrix*, 150 S.W.3d at 853; *Owens*, 96 S.W.3d at 672.

The "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitations period. *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *Owens*, 96 S.W.3d at 671. Here, because the State used the phrase "on or about" in the counts of the indictment, it was free to prove that these offenses occurred on any date prior to the presentment of the indictment, August 3, 2011, and within the statutory limitations period for these offenses, which had not yet expired. *See* Tex. Code Crim. Proc. art. 12.01(a)(B), (E). Accordingly, the trial court had the discretion to cumulate the sentences for counts four, five, six, seven, and eight under section 3.03(b) as long as there was some evidence indicating that appellant committed the crimes for which he was convicted in those counts after September 1, 1997.

Appellant acknowledges that the State was not bound by the dates alleged in the indictment. However, he argues that the "lack of temporal markers" in T.C.'s testimony bars cumulation of any of his sentences because there is no timeline to establish whether the offenses were committed before or after the effective date of the cumulation statute. He maintains that there

5

was no way for the trial court to determine whether the offenses occurred before or after September 1, 1997 for cumulation purposes. We disagree.

The trial court cumulated appellant's sentences for counts four, five, six, seven, and eight. In these counts, appellant was convicted of "touching the breasts of [T.C.] with the hands or fingers of [appellant]" (count four); "causing the female sexual organ of [T.C.] to contact the male sexual organ of [appellant]" (count five); "touching the breasts of [T.C.] with the hands or fingers of [appellant]" (count six); "causing the penetration of the female sexual organ of [T.C.] with the finger of [appellant]" (count seven); and "causing the hand or hands of [T.C.] to touch the genitals or part of the genitals of [appellant]" (count eight). At trial the State offered evidence of multiple, repeated, and frequent abusive episodes, each constituting one or more of the charged offenses, beginning sometime when T.C. was eight and continuing unabated for at least five years.

T.C. testified that she was born on July 9, 1988, and that she was abused "at least two Saturdays a month" from the time she was eight years old (in 1996) until she was 13 or 14 (in 2001 or 2002). She described the various acts of sexual abuse that appellant perpetrated against her during those years, which included touching her breasts with his hands, sucking and kissing her breasts, touching her genitals with his hands, penetrating her sexual organ with his finger, penetrating her mouth with his penis, and causing his penis to contact her sexual organ. In her testimony, T.C. confirmed that appellant was "touching her genitals in '97 and '98," that appellant was "touching her breasts in '97 and '98," that appellant's "male sexual organ was contacting [her] female sexual organ in '96, '97, and '98," and that appellant was "penetrating [her] female sexual organ with his finger in 1996, 1997, and 1998."

6

Accordingly, viewed as a whole, the evidence shows that certain acts of appellant's sexual abuse of T.C.—the touching of her breasts, the touching of her genitals, the digital penetration of her female sexual organ, and the contact of appellant's penis to her sexual organ—occurred repeatedly on a bi-monthly basis in 1998 and continued to occur bi-monthly until at least 2001, well after the September 1, 1997 effective date of the cumulation statute. Thus, there is some evidence that the offenses appellant was convicted of in counts four, five, six, and seven occurred—multiple times—after September 1, 1997, the effective date of the cumulation statute. We conclude that the evidence as a whole supports the trial court's exercise of its discretion under section 3.03(b) to order appellant's sentences for counts four, five, six, and seven to run consecutively to the sentences for counts one, two, and three.

However, in count eight, appellant was convicted of indecency with a child by sexual contact for "causing the hand or hands of [T.C.] to touch the genitals or part of the genitals of [appellant]." T.C. testified that sometimes before appellant would get on top of her and "grind" his penis against her sexual organ, he would wrap his penis in toilet paper "for when he would ejaculate." She said that sometimes she would get the toilet paper from the bathroom, but sometimes it was already by the bedside. She testified that "[appellant] would wrap his own penis," but recalled that "[she] did it one time." This testimony was the only evidence of T.C. touching appellant's penis with her hands.[6] Although the indictment alleged an offense date of August 1, 1998 for count eight,

---

[6] There was evidence of T.C. touching appellant's penis with her mouth when she performed oral sex on him on one occasion, but her description of this incident did not reflect that it involved her hands contacting appellant's penis. This conduct did not form the basis of any of the charged offenses.

neither T.C.'s testimony nor the context in which it was given specifies at what point during the five-to six-year period of abuse this incident occurred. Thus, notwithstanding the date in the indictment, the evidence fails to demonstrate that appellant caused T.C.'s hands to touch his penis (the offense for which he was convicted in count eight) after September 1, 1997, the effective date of the cumulation statute. Therefore, the trial court did not have the authority to cumulate the 20-year sentence for that offense. *See Yebio v. State*, 87 S.W.3d 193, 195–96 (Tex. App.—Texarkana 2002, pet. ref'd) (concluding that although indictments alleged that offenses occurred on or about September 5, 1997, prior statute applied when evidence showed that assaults occurred before beginning of 1997 school year (before September 1, 1997), and reforming judgment to provide that defendant's sentences run concurrently instead of consecutively). This sentence must run concurrently with the sentences for counts one, two, and three. *See id.*; *see also* Tex. Penal Code § 3.03(a). Accordingly, we modify the judgment of conviction for count eight to delete the cumulation order for that sentence. *See Robbins v. State*, 914 S.W.2d 582, 584 (Tex. Crim. App. 1996) (remedy for unlawful cumulation order is to reform judgment to set aside cumulation order); *see also Beedy v. State*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008) (reaffirming that unlawful cumulation order is remedied by reforming judgment to delete cumulation order).

In his second point of error, appellant argues that the trial court's cumulation order violates the constitutional prohibition of ex post facto laws. Both the United States and Texas Constitutions prohibit the State from applying an ex post facto law. *See* U.S. Const. art. I, § 10, cl. 1; Tex. Const. art. I, § 16. An ex post facto law (1) punishes as a crime an act previously committed which was innocent when done, (2) changes the punishment and inflicts a greater punishment than

8

the law attached to a criminal offense when committed, or (3) deprives a person charged with a crime of any defense available at the time the act was committed. *Collins v. Youngblood*, 497 U.S. 37, 42–43 (1990); *Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002); *Ex parte Davis*, 947 S.W.2d 216, 219–20 (Tex. Crim. App. 1996). Appellant's complaint implicates the second category of ex post facto violations, altered punishment. A court engaged in such an ex post facto analysis is singularly concerned with whether the statute in question assigns more severe criminal or penal consequences to an act than did the law in place when the act occurred. *Grimes v. State*, 807 S.W.2d 582, 587 (Tex. Crim. App. 1991); *see Ex Parte Moussazadeh*, 361 S.W.3d 684, 690 n.3 (Tex. Crim. App. 2012) ("A law that changes the punishment for a crime after the crime has been committed is an unconstitutional ex post facto law only if it inflicts a greater punishment than did the previous law.").

A reasonable view of the evidence as a whole supports the trial court's exercise of its discretion to cumulate appellant's sentences for counts four, five, six, and seven. The record contains evidence indicating that appellant indeed committed all of the crimes he was convicted of in those counts—multiple times—after September 1, 1997. Thus, the evidence supports a finding that the criminal conduct alleged in counts four, five, six, and seven occurred after the amendment of section 3.03(b). Consequently, in cumulating the sentences, the court did not attach a greater punishment to these offenses than the statutory provision existing when the conduct occurred. There was no ex post facto violation. *See DeLeon v. State*, 294 S.W.3d 742, 745–749 (Tex. App.—Amarillo 2009, pet. ref'd).

Finding no abuse of discretion in the trial court's cumulative sentencing of appellant for counts four, five, six, and seven, we overrule appellant's first and second points of error as to those counts. However, finding error in the court's order cumulating the sentence for count eight, we sustain appellant's first point of error as to count eight.[7]

## Admission of Photograph

During T.C.'s testimony, the State offered a photograph of T.C. when she was eight years old—her age when appellant began sexual abusing her. In his third point of error, appellant argues that the trial court erred by admitting the photograph.

Preservation of error is a systemic requirement on appeal. *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012); *see Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010). To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context. Tex. R. App. P. 33.1(a)(1); *see Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

At trial, when the State offered the complained-of photograph, appellant's counsel asserted that he had "[n]o objection" to the admission of the photograph. Consequently, because

---

[7] Because we sustain appellant's first point of error as it relates to the cumulation of his sentence for count eight, we do not address his complaint that the cumulation of that sentence violates ex post facto laws. *See* Tex. R. App. P. 47.1, 47.4.

appellant did not object when the photograph was offered, he failed to preserve his complaint about its admission for appellate review.[8] We overrule appellant's third point of error.

## CONCLUSION

Having overruled appellant's three points of error as to counts one, two, three, four, five, six, and seven, we affirm the trial court's judgments of conviction for those counts. Sustaining appellant's first point of error as to the cumulative sentence for count eight, we modify the trial court's judgment of conviction for count eight to correct the non-reversible error: to delete "CONSECUTIVELY" and instead reflect that the sentence shall run "CONCURRENTLY" and to delete the cumulation order. As so modified, we affirm the judgment of conviction for count eight.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed in Part; Modified and, as Modified, Affirmed in Part

Filed:   December 23, 2014

Do Not Publish

_____

[8] Appellant asserts in his brief that his trial counsel "previously objected [to the photographs] by way of limine." However, although appellant filed a motion in limine, the motion makes no reference to any photographs. Moreover, a motion in limine does not preserve error for appellate review. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

11