**AFFIRMED and Opinion Filed June 24, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00476-CR**

**JOHN RICHARD ALLEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-00144-W**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Reichek

Following a jury trial, John Richard Allen appeals his conviction for aggravated sexual assault. In this appeal, he contends the trial court erred by giving a definition of "reasonable doubt" in the jury charge and contends the trial court lacked jurisdiction over his case because the case was not transferred to the court's docket. We affirm.

## Background

The grand jury that indicted appellant for aggravated sexual assault was impaneled by Dallas County Criminal District Court No. 4 for a term that began in

January 2019. The indictment alleged that in November 2003, appellant intentionally and knowingly caused the sexual organ of the complainant, without her consent, to contact appellant's sexual organ and by acts or words occurring in the complainant's presence threatened to cause, or placed the complainant in fear of, death, serious bodily injury, and kidnapping. The indictment further alleged two prior felonies as enhancements. It was filed in the 363rd District Court on March 5, 2019. A jury found appellant guilty as charged in the indictment, and the trial judge assessed a life sentence.

## Jury Charge

In his first issue, appellant complains of the following language in the jury charge: "The prosecution need not prove guilt beyond all possible doubt. The prosecution's proof must exclude all reasonable doubt concerning the Defendant's guilt."[1] He maintains that this instruction constituted an impermissible definition of "reasonable doubt" under *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000), which indicated that the better practice is to give no definition for the term.

We reject appellant's argument, as we have on previous occasions. *See Bullock v. State*, 673 S.W.3d 758, 767 & n.2 (Tex. App.—Dallas 2023, no pet.) (collecting cases). This Court has long held that the complained-of instruction does

---

[1] After we notified the parties that the clerk's record did not contain the jury charge, it was determined the original charge was missing. The parties agreed to submit an unsigned charge for purposes of the record, and the quoted language is from that charge.

not define "reasonable doubt." *O'Canas v. State*, 140 S.W.3d 695, 701–02 (Tex. App.—Dallas 2003, pet. ref'd); *Bates v. State*, 164 S.W.3d 928, 931 (Tex. App.—Dallas 2005, no pet.). Further, the court of criminal appeals has held that a trial court does not abuse its discretion by including the instruction in the jury charge. *See Mays v. State*, 318 S.W.3d 368, 389 (Tex. Crim. App. 2010); *Woods v. State*, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004). We overrule appellant's first issue.

## Jurisdiction

In his second issue, appellant contends the trial court, the 363rd District Court, lacked jurisdiction over this case because Criminal District Court No. 4, which impaneled the grand jury, did not enter a transfer order. We have rejected this issue numerous times in appeals in which appellant's counsel represented an appellant and will do so again today. *See Bullock*, 673 S.W.3d at 768–69 & n.3 (noting that as of July 2023, we rejected this issue in over 75 prior cases in which this counsel represented an appellant).

When a defendant fails to file a plea to the jurisdiction, he waives the right to complain that a transfer order does not appear in the record. *Id.* at 768. Because appellant did not file a plea to the jurisdiction, he has waived this issue. Even if appellant had preserved error, there is none because the record shows the trial court possessed jurisdiction over the case as the court in which the indictment was first filed. *See* TEX. CODE CRIM. PROC. ANN. art. 4.16 ("When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or

a complaint shall first be filed shall retain jurisdiction except as provided in Article 4.12," which applies to misdemeanor cases.); *Bullock*, 673 S.W.3d at 769–70. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Goldstein, J., dissenting

Do Not Publish
TEX. R. APP. P. 47.2(b).
230476F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JOHN RICHARD ALLEN,
Appellant

No. 05-23-00476-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-00144-W.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 24th day of June, 2024.