

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. PD-1099-13

---

**RONALD ANTONIO BONILLA, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE TENTH COURT OF APPEALS
BRAZOS COUNTY**

---

COCHRAN, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, KEASLER and HERVEY, JJ., joined. ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined. PRICE, J., filed a dissenting opinion in which WOMACK, J., joined.

O P I N I O N

The issue in this case is who bears the burden of showing that the trial judge erred in

cumulating indecency-with-a-child sentences when some sexual abuse took place before the

1997 Penal Code amendments permitting cumulation of sentences for child sexual offenses

and some took place after that date.[1] We will apply our normal appellate rule of review: The party who complains about the trial judge's action on direct appeal bears the burden of objecting at trial and providing a record that shows the trial judge's error.[2]

Appellant relies upon the 1995 dates set out in the indictment and in the judgment as being the only dates on which the jury could have found that the offenses occurred. But appellant did not show, either at trial or on appeal, that the jury could not have found him guilty of an offense that occurred after September 1, 1997, the effective date of the cumulation statute. Instead, there is ample evidence to show that appellant began sexually abusing D.B. in 1995 (before the 1997 amendment permitting cumulation became effective) and continued to sexually abuse him until 2002 (at least five years after the 1997 amendment became effective). We therefore agree with the court of appeals that the trial judge "did not err in stacking the sentences" because there is "some evidence" that the offenses occurred after September 1, 1997.[3]

---

[1] Appellant's sole ground for review reads as follows:
The court of appeals erred when it found that the appellant's convictions of indecency with a child in counts 3 and 4 could be stacked because they both occurred prior to September 1, 1997 and could not be stacked under section 3.03 of the penal code at that time.

[2] *See Martinez v. State*, 91 S.W.3d 331, 335-36 (Tex. Crim. App. 2002) (citing *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998) for the proposition that, "under Rule 33.1, the issue is not whether the appealing party is the State or the defendant or whether the trial court's ruling is legally 'correct' in every sense, but whether the complaining party on appeal brought to the trial court's attention the very complaint that party is now making on appeal. This 'raise it or waive it' forfeiture rule applies equally to goose and gander, State and defendant.").

[3] *Bonilla v. State*, No. 10-12-00064-CR, 2013 WL 3482127, at *4 (Tex. App.–Waco July 11, 2013) (not designated for publication).

I.

On April 16, 2009, appellant was indicted with four counts of indecency with a child:

1.    Touching M.B.'s genitals on or about January 1, 2002;

2.    Causing M.B. to touch appellant's genitals on or about January 1, 2002;

3.    Touching D.B.'s genitals on or about January 1, 1995;

4.    Causing D.B. to touch appellant's genitals on or about January 1, 1995.

The evidence at trial showed that appellant came to the United States from El Salvador and lived with various family members. He lived with his brother, the father of both D.B. and M.B., for many years. Appellant sexually abused both D.B. and M.B. throughout their childhood. D.B. testified that appellant first started sexually molesting him sometime between 1994 and 1996, when he was in either the first or second grade. D.B. remembered the details of numerous different incidents that occurred both at home and at appellant's job site. When D.B. was about ten or eleven, in 1998 or 1999, appellant began stimulating him until he would ejaculate.

D.B. explained that, as he became a pre-teen and teenager after 1999, appellant began showing him pornographic magazines and videos while sexually abusing him. In 2001, D.B. told appellant that he did not want to engage in sexual activities with him. But when appellant told him that he would commit suicide if D.B. ever told anyone and said that he could not live without D.B. in his life, the teenager continued to allow appellant to rub his genitals. At some point in 2002, D.B. began physically resisting appellant's attempts to

abuse him.  D.B. finally reported what appellant had done to him throughout his childhood and youth when he saw signs that appellant was also abusing his younger brother, M.B., in the same way that he had been abused.

Appellant's defense was that the boys fabricated their story of sexual abuse; he never touched them sexually, and they never touched him sexually.  Period.

During closing arguments, the prosecutor explained why he had alleged the January 1, 1995, date in the indictment even though most of the abuse occurred in later years:

> We've alleged for [D.B.] 1995.  Any time between 1995 and when we've got this date alleged [in the indictment].  But specifically you can recall the instances and why we reported it as 1995 because [D.B.] remembers the first time.  Kids remember first and last times and they remember just a lot of abuse in the middle, but he remembered it being early on between first and third grade.  So that's why we allege that 1995 date.  1996–it falls within that–that date range that we were talking about.[4]

The jury found appellant guilty on all four counts and assessed his punishment at fourteen years' imprisonment on each count.  The prosecutor then asked the trial judge to "stack" Counts 3 and 4 (the counts involving D.B.) on top of Counts 1 and 2 (the counts involving M.B., the younger brother).  The judge asked, "Motion for consecutive sentences; correct?" Appellant responded,

---

[4] The jury charge included the following instruction:
Date of the alleged offense: The State is not required to prove the exact date alleged in the indictment but may prove the offense, if any, to have been committed at any time prior to the presentment of the indictment so long as said offense, if any, occurred within ten years after the 18th birthday of the alleged victim.  The indictment, which included all four counts in this case, was presented on April 16th, 2009.

> Your Honor, we ask that you deny their request.  We believe that the jury has heard all the evidence and that they have set a punishment that they deemed proper in this case.  We know that this Court has also heard the evidence, but we would ask that you deny it and that you run all four counts concurrent.

The trial judge ordered that "Counts 1 and 2 run concurrent with one another, Counts 3 and 4 run concurrent with one another; but the sentences in Counts 3 and 4 both run consecutive to the sentences in Counts 1 and 2."

On appeal, appellant argued that, because an offense date of January 1, 1995, was listed in the judgment for counts 3 and 4 and that date was before the effective date of the 1997 amendment permitting cumulation of child sexual abuse offenses, the trial judge erred in stacking those counts on to Counts 1 and 2.[5]  The court of appeals rejected appellant's claim, explaining that "[t]he offense dates recited in the judgments do not necessarily render the trial court's order stacking the sentences invalid."[6]  Here, the State used the phrase "on or about" in its indictment so "it was free to prove that these offenses occurred on any date prior to the presentment of the indictment and within the statutory limitations period, which had not expired."  Because there was "some evidence" that appellant touched D.B.'s penis and that he made D.B. touch his penis "many" times after January 1, 1997, the trial judge did not err in stacking the sentences.[7]

We granted review because the law in this area is unsettled.  When the indictment and

---

[5] *Bonilla*, 2013 WL 3482127, at *3-4.

[6] *Id.* at *4.

[7] *Id.*

judgment lists an offense date that is before the effective date of the amendment to Penal

Code Section 3.03, but the evidence shows that the acts that constituted the offense occurred

both before *and* after that effective date, does the trial judge have the discretion to cumulate

the sentences?  He does.

## II.

Penal Code Section 3.03 sets out when sentences that arise out of the same criminal

episode must be served concurrently and when they may be served consecutively. Generally,

such sentences must be served concurrently,[8] but there are specific statutory exceptions to

that rule.  One exception was added in 1997 and permits the trial judge to cumulate sentences

for child sexual abuse offenses.[9]  However, this exception applies only to an offense that

occurs after the effective date of September 1, 1997.[10]

---

[8] Section 3.03(a) reads:
When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

[9] Section 3.03(b)(2)(A) reads:
If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of . . . an offense . . . under Section 33.021 or an offense under Section 21.02, 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section[.]

[10] Act of June 13, 1997, 75th Leg., R.S. ch. 667, § 7.  That provision states:
(a) The change in law made by this Act applies only to an offense committed on or after the effective date of this Act. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs

In *Ex parte Bahena*,[11] we addressed a situation in which the evidence showed multiple acts of sexual molestation of a child that "occurred sometime between September 21, 1993, and up to at least September 20, 1998."[12] In that case, the defendant claimed that his counsel were ineffective for failing to challenge the trial judge's stacking order because one of the indictments alleged an aggravated sexual assault offense that occurred "on or about July 1, 1996," and that is a date before the 1997 amendment became effective.[13] We concluded that the evidence showed that the defendant had sexually molested the child on multiple occasions between 1993 and September 20, 1998, and had committed "these charged offenses before and after September 1, 1997."[14] We noted that several courts of appeals had upheld the trial judge's cumulation order if "some evidence" showed that the offenses occurred after September 1, 1997.[15] We held that counsel could not be called ineffective for failing to challenge the stacking order because the issue of stacked sentences in cases in which the evidence showed sexual offenses both before and after the effective date of the

---

before the effective date.
(b) An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

[11] 195 S.W.3d 704 (Tex. Crim. App. 2006).

[12] *Id.* at 706.

[13] *Id.*

[14] *Id.* at 706-07.

[15] *Id.* at 707 n.7 (citing *Bates v. State*, 164 S.W.3d 928, 930–31 (Tex. App.–Dallas 2005, no pet.); *Dale v. State,* 170 S.W.3d 797, 800–01 (Tex. App.–Fort Worth 2005, no pet.); *Hendrix v. State,* 150 S.W.3d 839, 852–54 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd); *Owens v. State,* 96 S.W.3d 668, 671–72 (Tex. App.–Austin 2003, no pet.); *Yebio v. State,* 87 S.W.3d 193, 195–96 (Tex. App.–Texarkana 2002, pet. ref'd)).

amendment to Section 3.03 was "an unsettled area of law."[16]

In *Hendrix v. State*,[17] for example, the Fourteenth Court of Appeals held that, although the indictment alleged an offense date "on or about August 3, 1997," the trial judge had discretion to cumulate the sentences in a child abuse case "as long as there was some evidence that the offenses occurred after September 1, 1997."[18]

This is the same "some evidence" standard that we used in *Miller v. State*,[19] in addressing the trial judge's discretion to cumulate a current sentence with older ones. We explained that there must be "some evidence" linking the prior convictions to the defendant.[20] Various courts of appeals have used *Miller*'s "some evidence" language when addressing the trial judge's discretion to cumulate sentences in child sexual abuse cases in which the offenses were alleged to have occurred before or after September 1, 1997. The indictment (or judgment) date is not determinative. The evidence determines whether the trial judge has discretion to cumulate sentences.

For example, in *Owens v. State*,[21] the State proved that the defendant committed numerous acts of child sexual abuse, some of them occurring before September 1, 1997, and some of them occurring after that date. The court rejected the defendant's claim that the

---

[16] *Bahena*, 195 S.W.3d at 707.

[17] 150 S.W.3d 839 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd).

[18] *Id.* at 853.

[19] 33 S.W.3d 257 (Tex. Crim. App. 2000).

[20] *Id.* at 261.

[21] 96 S.W.3d 668 (Tex. App.–Austin 2003, no pet.).

State was required to prove, beyond a reasonable doubt, that *each* element of *each* offense occurred after September 1, 1997, to uphold the trial judge's cumulation order.  Instead, the trial judge had the discretion to stack the sentences as long as "there [was] some evidence that the offenses occurred after September 1, 1997."[22]

We agree with those courts of appeals that have held that the trial judge has discretion to stack sentences under Section 3.03(b)(2)(A) if there is "some evidence" that the offenses occurred after September 1, 1997.  With that background, we turn to the present case.

### III.

Appellant claims that the 1995 date set out in the judgment is dispositive.  He argues that the State alleged an act that occurred "on or about" January 1, 1995, and the judgment recites that date as well.  And, because there was "some evidence" that appellant began sexually abusing D.B. before September 1, 1997, the offenses "occurred" before the effective date of the amendment, and therefore the trial judge erred in cumulating the sentences for abusing D.B. with those for abusing M.B.[23]  But appellant never mentioned this "on or

---

[22] *Id.* at 672 (noting that Section 3.03 "does not specify an evidentiary burden to trigger the court's authority to cumulate sentences"); *see also Dale v. State*, 170 S.W.3d 797, 801 n.2 (Tex. App.–Fort Worth 2005, no pet.) (noting that defendant's sexual abuse continued from 1991 until 1998, and he did not contend that the sexual assaults did not continue after September 1, 1997); *Yebio v. State*, 87 S.W.3d 193, 195 (Tex. App.–Texarkana 2002, no pet.) (holding that consecutive sentences were improper because there was no evidence that child sexual abuse continued after September 1, 1997, even though indictment alleged offense date of September 5, 1997).

[23] Appellant argues that Article 42.01 of the Code of Criminal Procedure mandates that "the sentence served shall be based on the information contained in the judgment" and because the judgment sets out an offense date of January 1, 2005, the sentences cannot be cumulated.  But this argument could be equally used by the State: Because the judgment orders the sentences to be cumulated, the "on or about" offense date is simply copied from the indictment, but it does not mean anything more than some date within the statute of limitations and before the indictment.  *See Sledge v. State*, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997); *Thomas v. State,* 753 S.W.2d 688,

about" date issue in the trial court.

Under Rule 33.1 of the Rules of Appellate Procedure,[24] it was appellant's obligation to complain in the trial court that the cumulation order was improper because the judge could not have found that the jury convicted him for offenses against D.B. that occurred after September 1, 1997, the date the cumulation statute went into effect.  As we have explained,

> Both Texas Rule of Appellate Procedure 33.1 and Texas Rule of Evidence 103 are "judge-protecting" rules of error preservation. The basic principle of both rules is that of "party responsibility."  Thus, the party complaining on appeal (whether it be the State or the defendant) about a trial court's admission, exclusion, or suppression of evidence "must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule [or statute] in question and its precise and proper application to the evidence in question."[25]

Appellant objected at trial to the judge's cumulation order, but he failed to offer any legal or

---

692 (Tex. Crim. App. 1988).

[24] Rule 33.1(a) of the Texas Rules of Appellate Procedure reads:
As a prerequisite to presenting a complaint for appellate review, the record must show that:
(1)     the complaint was made to the trial court by a timely request, objection, or motion that:
    (A)     stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
    (B)     complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and
(2)     the trial court:
    (A)     ruled on the request, objection, or motion, either expressly or implicitly; or
    (B)     refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

[25] *Martinez v. State*, 91 S.W.3d 331, 335-36 (Tex. Crim. App. 2002) (quoting 1 Stephen Goode, et al., TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL, § 103.2, at 14 (2d ed. 1993)); *see also Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) ("The basis for party responsibility is, among other things, Appellate Rule 33.1.  It provides that as a prerequisite to presenting a complaint for appellate review, the record must show that the party 'stated the grounds for the ruling that [he] sought from the trial court with sufficient specificity to make the trial court aware of the complaint.'").

factual basis for his objection.[26]  He just asked the judge not to grant the State's motion to cumulate the sentences.

At any rate, appellant did not show, either at trial or on appeal, that the jury could not have found him guilty of an offense that occurred after September 1, 1997. There was ample evidence that appellant sexually abused D.B. numerous times before September 1, 1997, and numerous times after that date.  Appellant did not ask the State to elect a specific incident,[27] and the "on or about" date of January 1, 1995–alleged in the indictment–covered all acts of sexual molestation that occurred between 1994 and April 16, 2009, the date of the indictment.[28]  The jury was never asked to specify a particular incident or date in finding him guilty of two counts of sexually abusing D.B.  The jury's verdict thus covered the entire time appellant abused D.B. and all of the various incidents, and double-jeopardy principles would prevent the State from prosecuting appellant for any other incidents covered by the

---

[26] Having failed to make a specific objection and explain the basis for that objection, appellant forfeited error on appeal unless the specific objection and its basis was obvious to the judge.  *See* TEX. R. APP. P. 33.1(a)(1)(A); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("While no 'hyper-technical or formalistic use of words or phrases' is required in order for an objection to preserve an error, the objecting party must still 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'") (citations omitted).

[27] *See O'Neal v. State*, 746 S.W.2d 769, 771 n.3 (Tex. Crim. App. 1988) (absent a request by the defendant, "the State is not required to make an election" of what specific sexual act it is relying on to support conviction when the evidence shows that the defendant has committed the same act of sexual abuse against the same victim multiple times).

[28] *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) ("It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period.").

indictment that had occurred between 1994 and 2009.[29]

If appellant wished to prevent the trial judge from cumulating the sentences, he had to object in the trial court and argue that (1) he had requested the State to elect a single incident to submit to the jury for each count and that, as a result, the State submitted only incidents that had occurred before September 1, 1997; (2) there was some legal flaw in the State's "on or about" language in the indictment; or (3) there was not "some evidence" to support a finding that appellant committed the charged offenses after September 1, 1997.[30]

---

[29] *See Cosio v. State*, 353 S.W.3d 766, 776 (Tex. Crim. App. 2011) (stating "A defendant's decision to elect or not elect is a strategic choice made after weighing the above considerations," and noting that, when the defendant does not elect a specific incident, "it will be impossible to determine which particular incident of criminal conduct that the jury was unanimous about, [and] the State will be jeopardy-barred from later prosecuting a defendant for any of the offenses presented at trial").

[30] *See Hendrix v. State*, 150 S.W.3d 839, 853 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd) (although indictment alleged an offense date "on or about" August 3, 1997, trial judge had discretion to cumulate sentences in child abuse case "as long as there was some evidence that the offenses occurred after September 1, 1997"); *Owens v. State*, 96 S.W.3d 668, 671-72 (Tex. App.–Austin 2003, no pet.) (rejecting defendant's complaint that State was required to prove, beyond a reasonable doubt, that each of the three charged offenses occurred after September 1, 1997; stating that "the trial court has discretion to cumulate sentences under section 3.03(b) when there is some evidence that the offenses occurred after September 1, 1997"); *Dale v. State*, 170 S.W.3d 797, 801 n.2 (Tex. App.–Fort Worth 2005, no pet.) (noting that "in order for the trial court to impose consecutive sentencing under penal code section 3.03(b), there had to be some evidence that Appellant committed the offenses after September 1,1997, the effective date of this section. . . . The State offered evidence that the offenses occurred frequently, beginning shortly after Appellant and Triplet married in August of 1991 and ending in 1998. Appellant does not contend that the sexual assaults did not continue after September 1, 1997."). On the other hand, if there is no evidence that any of the incidents of child sexual abuse occurred after September 1, 1997, then the trial judge does not have discretion to cumulate the sentences. *Yebio v. State*, 87 S.W.3d 193, 196 (Tex. App.–Texarkana 2002, pet. ref'd).
     A cumulation order in a case in which there is "no evidence" to support a finding that the sexual abuse occurred after September 1, 1997, is unauthorized, and results in an illegal sentence not subject to forfeiture. *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). Like a double-jeopardy violation apparent on the face of the record, an unauthorized cumulation order may be raised for the first time on appeal or collateral attack. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

We have explained that the trial judge's decision to cumulate sentences for child sexual offenses under Section 3.03 does not violate the defendant's right to a jury decision or his right to due process because it generally does not "turn on any discrete or particular findings of fact on the judge's part."[31]   However, in cases in which the defendant has committed child sexual abuse both before and after the effective date of the statutory provision, the defendant may request the State to elect a specific incident and, if the State elects an incident before September 1, 1997, and the jury finds the defendant guilty of that specific incident, that sentence may not be cumulated with another sentence.  Of course if the defendant requests an election, the State may try the defendant again for one of the post-1997 incidents and cumulate that sentence with the earlier ones.

Here, there was not just "some evidence" that the sexual abuse against D.B. continued after September 1, 1997; there was overwhelming evidence that it did.  Because appellant did not request the State to elect a specific incident, and the State did not specify an incident that occurred before September 1, 1997, the trial judge did not abuse his discretion in cumulating the sentences for abusing D.B. with those for abusing his younger brother.

In short, we agree with the court of appeals that the "on or about" date listed in the indictment and in the judgment does not determine the actual date of the offense for purposes of cumulating a sentence under Section 3.03(b)(2)(A).  We therefore affirm the judgment of the court of appeals.

Delivered: November 19, 2014
Publish

---

[31] *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006).