**Affirmed; Opinion Filed June 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-00836-CR**

**No. 05-14-00837-CR**

**No. 05-14-00838-CR**

**MATTHEW LOUIS REESE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1400306-P, No. F13-60347-P, F13-00723-P**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Brown, and Justice Stoddart
Opinion by Justice Stoddart

This appeal involves three separate cases, each of which was resolved by a plea bargain.

In cause number 05-14-00838-CR, Reese pleaded guilty to aggravated sexual assault of a child

with a deadly weapon; the trial court sentenced him to 55 years' confinement. In cause number

05-14-00837-CR, Reese pleaded guilty to sexual assault of a child; the trial court sentenced him

to 20 years' confinement. In cause number 05-14-00836-CR, Reese pleaded guilty to aggravated

assault causing serious bodily injury; the trial court sentenced him to 20 years' confinement.

The trial court stacked the sentences, ordering the sentence in 05-14-00837-CR begin

only when the judgment and sentence in 05-14-00838-CR ceased to operate, and the sentence in

05-14-00836-CR begin when the judgment and sentence in 05-14-00837-CR ceased to operate.

The trial court also assessed fines in each cause number. In two issues, Reese argues the trial court erred by ordering the sentences in cause numbers 05-14-00836-CR and 05-14-00837-CR be served consecutively and the trial court lacked jurisdiction to hear all three cases and render judgment because the cases were not transferred to its docket. We affirm the trial court's judgments.

We begin by considering Reese's arguments the trial court lacked jurisdiction to hear the cases because they were not transferred to the trial court's docket. The fact that the record does not contain a transfer order is an error of procedure and not jurisdiction. *See, e.g., Goff v. State*, No. 05-13-00876-CR, 2014 WL 259668, at *5 (Tex. App.—Dallas Jan. 22, 2014, no pet.) (mem. op., not designated for publication) (citing *Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd); *Bridwell v. State*, No. 05–07–00258–CR, 2008 WL 467271, at *2 (Tex. App.—Dallas Feb. 23, 2008, no pet.) (not designated for publication)). The absence of a transfer order in the record does not render the actions of the transferee court void. *Id.* (citing *Lemasurier*, 91 S.W.3d at 899; *Bridwell*, 2008 WL 467271, at *2). Rather, it merely makes the transferee court's action subject to a timely plea to the jurisdiction. *Id.* (citing *Lemasurier*, 91 S.W.3d at 899). If a defendant fails to file a timely plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record. *Id.* (citing *Mills v. State*, 742 S.W.2d 832, 835 (Tex. App.—Dallas 1987, no writ); *Bridwell*, 2008 WL 467271, at *2).

Reese did not file a timely plea to the jurisdiction in any of the three cases and has waived his right to complain that the transfer order does not appear in the record. We overrule his issues arguing the trial court lacked jurisdiction to hear all three cases and render judgment because the cases were not transferred to its docket.

Reese also argues the trial court erred by ordering his sentences run cumulative to one another; he asserts the sentences should not be "stacked." A trial court has discretion to impose concurrent or cumulative sentences, and "so long as the law authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences." *Ellington v. State*, No. 05-12-01625-CR, 2013 WL 6405486, at *2 (Tex. App.—Dallas Dec. 5, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Nicholas v. State*, 56 S.W.3d 760, 764, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *Hurley v. State*, 130 S.W.3d 501, 504 (Tex. App.—Dallas 2004, no pet.)). A trial court abuses its discretion if it imposes consecutive sentences where the law requires concurrent sentences. *See Nicholas*, 56 S.W.3d at 764.

Generally, sentences that arise out of the same criminal episode must be served concurrently. *Bonilla v. State*, 452 S.W.3d 811, 815 (Tex. Crim. App. 2014) (citing TEX. PENAL CODE §3.03(a)). However, penal code section 3.03(b)(2)(A) provides for an exception and permits the trial judge to cumulate sentences for child sexual abuse offenses:

> If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of ... an offense ... under Section 33.021 or an offense under Section 21.02, 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section[.]

TEX. PENAL CODE §3.03(b)(2)(A).

Reese was convicted of committing two offenses in violation of section 22.021 (cause numbers 05-14-00837-CR and 05-14-00838-CR). An offense under section 22.021 is included in section 3.03(b)(2)(A). TEX. PENAL CODE §3.03(b)(2)(A). Therefore, we conclude the trial court did not abuse its discretion when it ordered Reese's sentence in 05-14-00837-CR begin only when the judgment and sentence in 05-14-00838-CR ceased to operate.

Reese's third conviction is for violation of section 22.02 of the penal code (cause number 05-14-00836-CR), which is not listed in section 3.03 as a sentence for which the trial court may order the sentences run consecutively. However, section 3.03 only applies to sentences for offenses arising out of the same criminal episode prosecuted in a single criminal action. *See* TEX. PENAL CODE §3.03(a). Reese argues his convictions in 05-14-00836-CR and 05-14-00837-CR were prosecuted in a single criminal action. We disagree. The record shows the judgment in 05-14-00837-CR was entered on June 18, 2014. However, the trial court did not conduct the plea proceedings in 05-14-00836-CR until the following day. Because the plea proceedings and assessments of punishment were conducted separately, we conclude the cases were not prosecuted in a single criminal action. *See Robbins v. State*, 914 S.W.2d 582, 583–84 (Tex. Crim. App. 1996). The trial court had discretion to stack the sentences. *See* TEX. CODE CRIM. PROC. ANN. ART. 42.08.

We affirm the trial court's judgments.


/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
140836F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW LOUIS REESE, Appellant

No. 05-14-00836-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1400306-P.
Opinion delivered by Justice Stoddart. Chief Justice Wright and Justice Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of June, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW LOUIS REESE, Appellant

No. 05-14-00837-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1460347-P.
Opinion delivered by Justice Stoddart. Chief Justice Wright and Justice Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of June, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

MATTHEW LOUIS REESE, Appellant

No. 05-14-00838-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-13-00723-P
Opinion delivered by Justice Stoddart. Chief Justice Wright and Justice Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of June, 2015.