

## NUMBER 13-18-00095-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**DIJOHN LAMONT KING,**                                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

### On appeal from the 24th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant Dijohn Lamont King was convicted of aggravated robbery, a first-degree felony (counts one and two), *see* TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 2017 1st C.S.); aggravated assault with a deadly weapon, a second-degree felony (count three), *see id.* § 22.02(a)(2) (West, Westlaw through 2017 1st C.S.); burglary of a habitation, a second-degree felony (count four), *see id.* § 30.02 (West, Westlaw through

2017 1st C.S.); and theft of a firearm, a state-jail felony (count five), *see id.* § 31.03 (West, Westlaw through 2017 1st C.S.). King argues on appeal that the trial court erred by improperly limiting his cross examination of one of the State's witnesses; alternatively, if we find that error was not properly preserved, King argues that his trial counsel was ineffective. We affirm.

## I. BACKGROUND

On February 12, 2018, jury trial commenced. The following exchange occurred during cross-examination of the State's witness Captain Charles Williamson, the Victoria County Sheriff's Office Jail Supervisor and custodian of records:

[King]:        Captain Williamson, when Mr. King was brought into the jail there, are mental—are mental health checks done as part of the procedure here?

[Williamson]: Yes, sir, they are.

[King]:        Is Mr. King diagnosed with any—

[State]:        Your Honor, the State's going to object to relevance.

[Trial Court]: Let me see the attorneys up here.

(At the bench)

[Trial Court]: How is his mental health relevant?

[King]:        It goes to the client's state of mind of whether he was or was not on his medication when the phone calls were made.

[Reporter]:   Speak up.

[King]:        It goes to the client's state of mind as he was talking on the phone there. If they're going to play the jail phone calls, it goes to this state of mind as to whether he was or was not medicated, whether he should or should not have been medicated. He's known with bipolar and schizophrenia and been diagnosed [sic] with those conditions, Your Honor. And if he was having some type of trip or hallucination or

2

something when he was first brought in there because he wasn't on his medication, there could be relevance to that as to the nature of that—as he's talking on the phone there, Your Honor, and stuff like that. So the relevance relates to his state of mind as he's making those calls. And he has personal knowledge of this having the thing and then talking to him about the MHMR, Your Honor, a person as personal knowledge and it's relevant related to—

[Trial Court]: It might con—The objection is overruled.

(End of bench conference)

[Trial Court]: Objection is overruled. I'm sorry. The objection is sustained. Move on to something else.

[King]:        Pass the witness.

The jury found King guilty on all five counts and imposed the following sentences: sixty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice on counts one and two, twenty years' imprisonment on counts three and four, and two years in the state jail on count five. The sentences were ordered to run concurrently. This appeal ensued.

## II. OFFER OF PROOF

King argues that the trial court erred by restricting King's cross-examination of Captain Williamson. Alternatively, if we decide on appeal that this error was not properly preserved, then King argues that he received ineffective assistance of counsel because his trial counsel failed to make an offer of proof and failed to assert his Sixth Amendment right of confrontation when the State objected.

### A. Standard of Review and Applicable Law

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *See Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

3

Generally, an objection must be timely raised before the trial court to be preserved for appeal.  *See* TEX. R. APP. P. 33.1; *Bonilla v. State*, 452 S.W.3d 811, 813 (Tex. Crim. App. 2014).  More specifically, to preserve error regarding the exclusion of evidence, the complaining party must comply with Texas Rule of Evidence 103, which requires the complaining party to make an offer of proof to establish the substance of the proffered evidence, except for certain rare circumstances.  *See* TEX. R. EVID. 103(a)(2); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009).  A summary that describes why the proffered evidence might be relevant in general and cursory terms, without getting into "the meat of the evidence," is inadequate to preserve a claim of error.  *See Mays*, 285 S.W.3d at 891.

**B. Analysis**

King's counsel did not specifically request to make an offer of proof.  The closest his counsel came to making an offer of proof was when he told the trial court that the proposed questioning was relevant because the proffered evidence about King's mental health would go to his "state of mind as he's making those calls."  However, we find this similar to the argument made in *Mays*.  *See id.*  In *Mays*, the defendant made no specific offer of proof, and the Texas Court of Criminal Appeals noted:

> The only statement on the record that might even be considered to approach an adequate offer of proof was his statement that, "[T]he evidence in this case, were we allowed to present it, would show that because of mental and medical impairment, the defendant lacked, at the time of the alleged commission of this crime, the ability to form the requisites of the mental state required of intentional and knowing."  But as is evident from *Warner,* this sort of summary, in the most general and cursory terms, without any of the meat of the actual evidence, will not suffice to preserve error.

4

*Id.* Likewise, in the present case, King's counsel did not make an offer of proof establishing the specifics of what evidence he intended to produce through the objected-to questioning. He stated generally that his line of questioning would produce evidence about King's mental health, but he never established the details of that testimony.

Furthermore, this is not a scenario where King was prevented from making an offer of proof. *See id.* King's counsel had ample opportunity to make an offer of proof why his proposed questioning of Captain Williamson would be admissible. King additionally argues that the Texas Rule of Evidence does not require an offer of proof when a defendant is not allowed to question a State witness about a certain general subject that might affect a witness's credibility. *See* TEX. R. EVID. 103; *Virts v. State,* 739 S.W.2d 25, 28–29 (Tex. Crim. App. 1987) (en banc); *Koehler v. State,* 679 S.W.2d 6, 9–10 (Tex. Crim. App. 1984) (en banc). However, this is inapposite as King was not attempting to offer the testimony regarding King's mental health to impeach Captain Williamson. As his counsel clearly stated, he intended to offer the evidence to shed light on King's mental health as it related to the admission of jail telephone calls.

King also asserts that it was a structural error for the trial court to limit his cross-examination of Captain Williamson. A structural error is a defect affecting the very framework within which the trial proceeds; a structural error does not require an objection at trial to preserve the claim of error for appeal. *See Mendez v. State,* 138 S.W. 3d 334, 338 (Tex. Crim. App. 2004). However, structural errors are only found in highly exceptional circumstances, such as the total deprivation of the right to counsel, lack of an impartial trial judge, and the unlawful exclusion of grand jurors of the defendant's race.

*See id.* The complained of error in this case does not rise to the magnitude of structural error. *See id.*

Thus, because King failed to make an offer of proof, we conclude that King did not preserve his complaint for appeal. *See* TEX. R. EVID. 103(a)(2); TEX. R. APP. P. 33.1; *Mays,* 285 S.W.3d at 891.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Because we have concluded that King did not preserve error regarding his cross-examination of Captain Williamson, we address his alternative issue, in which he argues that his trial counsel was ineffective for not making an offer of proof and for not raising his Sixth Amendment right of confrontation in response to the State's objection.

### A. Applicable Law

To sustain a claim of ineffective assistance of counsel, an appellant must prove two factors: (1) that counsel made errors so serious that counsel was no longer functioning as "counsel" under the Sixth Amendment, and (2) that the errors prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Ineffective assistance claims are subject to a strong presumption of reasonable trial strategy which an appellant must overcome. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc). A silent record is usually not enough to overcome the presumption of reasonable assistance. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Because the record has not been developed sufficiently and extrinsic evidence cannot be considered, direct appeal is usually an inadequate tool

6

for ineffective assistance of counsel claims. *See Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012). In cases where counsel has not had an opportunity to explain the reasons behind the actions, the challenged conduct must be "so outrageous that no competent attorney would have engaged in it." *Roberts v. State*, 220 S.W.3d 521, 533–34 (Tex. Crim. App. 2007).

In order to satisfy the requirement of proving that the errors prejudiced the defense, an appellant must show a reasonable probability that the proceedings would have been different but for counsel's error. *See Thompson*, 9 S.W.3d at 812.

## B. Analysis

King did not move for a new trial due to ineffective assistance of counsel. Because there was not a motion for a new trial, counsel has not had an opportunity to explain any reasoning behind the challenged conduct. Thus, in order to obtain reversal, King must show that the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Roberts*, 220 S.W.3d at 533–34.

King claims that he received ineffective assistance of counsel because his trial counsel did not make an offer of proof or assert King's right of confrontation in response to the State's objection. However, King's trial counsel was never afforded an opportunity to explain his actions, and courts are hesitant to declare a counsel's performance as deficient until he has been afforded an opportunity to explain himself. *See Menefield,* 363 S.W.3d at 592. Without a developed record, we do not know if King's trial counsel had a legitimate strategy in not making an offer of proof or in raising a right-of-confrontation response. For example, because the Sixth Amendment right of confrontation is not unlimited, his trial counsel may have made a legitimate strategic decision that further

7

argument would only antagonize the trial court without changing the outcome. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). Regardless, King has not demonstrated that his trial counsel's actions were so outrageous that no competent attorney would engage in them. *See Roberts*, 220 S.W.3d at 533–34.

Furthermore, King has not shown a reasonable probability that the outcome of the trial would have been different if his attorney had made an offer of proof or raised King's Sixth Amendment right of confrontation in response to the State's objection. *See Thompson*, 9 S.W.3d at 812. For example, as noted above, the Sixth Amendment right of confrontation is not unlimited; in fact, the trial court has wide discretion in limiting cross-examination to "prevent harassment, prejudice, confusion of the issues, harm to the witness, and repetitive or marginally relevant interrogation." *Van Arsdall*, 475 U.S. at 679. King has failed to show how making an offer of proof or raising his Sixth Amendment right of confrontation would have changed the proceedings. *See Thompson*, 9 S.W.3d at 812. We conclude that the record does not establish that King's trial counsel was deficient. We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of September, 2018.

8