

# NUMBERS 13-23-00168-CR, 13-23-00169-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **ADRIAN LEE HERNANDEZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

## ON APPEAL FROM THE 214TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Contreras and Justices Longoria and Peña**
**Memorandum Opinion by Justice Longoria**

Appellant Adrian Lee Hernandez challenges the trial court's revocation of his community supervision, arguing that the trial court improperly ordered his sentences for two charges "arising from the same criminal episode" to run consecutively. Because we agree, we affirm as modified.

## I.    BACKGROUND

On April 30, 2021, Hernandez was indicted on two counts of third-degree-felony family violence assault, alleged to have occurred on December 18, 2020, in trial court cause number 21FC-1932-F.[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A)–(B). That same day, Hernandez was separately indicted on two additional counts of third-degree-felony family violence assault, alleged to have occurred on November 17, 2020, in trial court cause number 21FC-1934-F.[2] *See id.* Hernandez entered into a plea agreement in which he agreed to plead guilty to all four counts in exchange for a recommendation by the State that he receive deferred adjudication probation and that his sentences run concurrently in both cause numbers. On July 8, 2021, the trial court accepted Hernandez's guilty pleas, placed him on deferred adjudication probation for four years in each cause number, and ordered that his probation terms run concurrently.

On August 8, 2022, the State filed a motion to revoke Hernandez's probation in both causes. A consolidated hearing was held on April 6, 2023, wherein the trial court found the violations alleged by the State to be true and adjudicated Hernandez guilty of all four underlying offenses. The trial court sentenced Hernandez in each cause number to ten years incarceration, stating in open court that the sentences would "run consecutive with each other." The same day, the trial court entered its written judgments adjudicating Hernandez guilty but stating that the sentences were to run concurrently. On July 24, 2023, the trial court signed judgments nunc pro tunc, correcting the judgments to state

---

[1] Trial court cause number 21FC-1932-F correlates to appellate cause number 13-23-00168-CR.

[2] Trial court cause number 21FC-1934-F correlates to appellate cause number 13-23-00169-CR.

that the sentences were to run consecutively as orally pronounced. This appeal followed.

## II. WAIVER

We first address the State's argument that Hernandez waived any error by failing to object when the judge ordered consecutive sentences. At the hearing on revocation, when the trial court pronounced his sentence, Hernandez did not object to the trial court's oral pronouncement that the sentences would run consecutively, nor did he file a post-hearing motion making any such objection.

When a defendant is found guilty of more than one offense arising out of the same criminal episode and those offenses are prosecuted in a single criminal action, "the sentences shall run concurrently." TEX. PENAL CODE ANN. § 3.03(a). The Texas Court of Criminal Appeals has determined that the improper cumulation or "stacking" of sentences under § 3.03(a) of the penal code is a *Marin* category two, waiver-only right; thus, such an error can be raised on direct appeal, despite the lack of a trial court objection, as long as the appellant did not expressly waive the right at trial. *See Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017); *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (delineating three distinct categories of rights belonging to litigants: (1) "absolute requirements and prohibitions," which are not optional and can never be waived or forfeited; (2) "waivable rights," which are rights that must be implemented unless expressly waived; and (3) "forfeitable rights," which are rights that must be requested in order to be implemented), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).

The State relies on *Bonilla v. State* to support its position that Hernandez waived

3

appellate review of his claim for improper-cumulation. 452 S.W.3d 811, 817 (Tex. Crim. App. 2014). However, the issue in *Bonilla* involved the burden placed on the defendant to show evidence that the offenses for which he was being tried occurred after the 1997 amendments to the penal code allowing for cumulation of sentences for child sex offenses. *See id.* at 813. In addition, *Bonilla*, in a footnote, acknowledged that "[l]ike a double-jeopardy violation apparent on the face of the record, *an unauthorized cumulation order may be raised for the first time on appeal or collateral attack*." *Id.* at 818 n.30 (emphasis added) (citing *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000)); *see also Ex parte Carter*, 521 S.W.3d at 348 (holding that an erroneous cumulation order is not subject to procedural default). Accordingly, we find that Hernandez has not waived his claim for our review.

### III.    IMPROPER CUMULATION ORDER

Hernandez argues that under § 3.03(a) of the Texas Penal Code, the trial court was unauthorized to "stack" his sentences because the offenses arose out of the same criminal episode and were prosecuted in a single criminal action. *See* TEX. PENAL CODE ANN. § 3.03(a). As noted, when a defendant is found guilty of multiple offenses "arising out of the same criminal episode prosecuted during a single criminal action," the trial court must order the sentences to run concurrently. *See id.*; *Miles v. State*, 506 S.W.3d 485, 486 (Tex. Crim. App. 2016). "Criminal episode" is defined as

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1)    the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

4

> (2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01.

The State concedes that the charges against Hernandez were prosecuted in a single criminal action and "required concurrent sentences." Accordingly, we conclude that the trial court erred in ordering Hernandez's sentences to run consecutively. *See Beedy v. State*, 194 S.W.3d 595, 603 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107 (Tex. Crim. App. 2008).

Hernandez requests that this Court delete the cumulation orders and affirm the judgments as modified. *See Beedy v. State*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008) ("We therefore reaffirm our cases holding that an unlawful cumulation order is remedied by reforming the judgment to set aside the order."). We sustain Hernandez's sole issue and we modify the judgments of the trial court to delete the cumulation order. *See Robbins v. State*, 914 S.W.2d 582, 584 & n.1 (Tex. Crim. App. 1996).

## IV. CONCLUSION

We modify the trial court's judgments to delete those portions requiring Hernandez's sentences to run consecutively and to decree, instead, that the sentences shall run concurrently. We affirm the trial court's judgments as modified. *See* TEX. R. APP. P. 43.2(b).

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
13th day of June, 2024.

5