# Court of Appeals
## Tenth Appellate District of Texas

### 10-25-00001-CR

Thomas Allen Stanton,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
54th District Court of McLennan County, Texas
Senior Judge Roy Sparkman, presiding
Trial Court Cause No. 2019-1992-C2

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Thomas Allen Stanton was convicted of three counts of indecency with a child by contact and sentenced to 15 years in prison for each count. Stanton was accused of touching the genitals and breast of his stepdaughter. The victim testified to several instances of each accusation of indecency. We affirm the convictions.

### ELECTION OF OFFENSES

Stanton first takes issue with the timing of the State's election regarding

which acts of indecency it would rely on to support the convictions, arguing that the trial court erred in allowing the State to make it's election at the end of the presentation of all of the evidence instead of at the end of the State's case, as Stanton had requested.

In a sexual assault or indecency trial, where one act of sexual assault or indecency is alleged in the indictment and more than one act of sexual assault or indecency is shown by the evidence, the State must elect the act upon which it would rely for conviction  *See Garcia v. State*, 614 S.W.3d 749, 753 (Tex. Crim. App. 2019); *Owings v. State*, 541 S.W.3d 144, 150 (Tex. Crim. App. 2017); *see also Rubalcado v. State*, 424 S.W.3d 560, 571 (Tex. Crim. App. 2014) (regarding indecency offenses).  Before the State rests, the trial court has discretion in directing the State to make an election.  *Garcia*, 614 S.W.3d at 753.  But once the State rests its case in chief, upon a timely request by the defense, the trial court must order the State to make an election.  *Owings*, 541 S.W.3d at 150.

Stanton's sole complaint on appeal is about the timing of the State's election.  However, he did not object at trial to the timing of the election. Rather, he acquiesced in the trial court's decision to permit the State to make its election at the close of all of the evidence.  Accordingly, his argument on appeal is not preserved.  *See* TEX. R. APP. P. 33.1; *Bonilla v. State*, 452 S.W.3d 811, 813 (Tex. Crim. App. 2014) ("The party who complains about the trial

judge's action on direct appeal bears the burden of objecting at trial…"); *Dunn v. State*, 819 S.W.2d 510, 525 (Tex. Crim. App. 1991) (defendant failed to preserve issue for review when he acquiesced to the trial court's action contrary to his complaint).

Stanton's first issue is overruled.

## LIMITING INSTRUCTION

Stanton next complains that the trial court erred in failing to give a limiting instruction in the jury charge regarding the extraneous acts of indecency which were testified to during the trial.

When extraneous offense evidence is admitted against a party, Texas Rule of Evidence 105 provides that the trial court, "on request," must give a limiting instruction on the scope of the evidence and instruct the jury accordingly. TEX. R. EVID. 105. But it is well-established that if a defendant does not request a limiting instruction under Rule 105 at the time the evidence is admitted, the trial judge has no obligation to limit the use of that evidence later in the jury charge. *Delgado v. State*, 235 S.W. 3d 244, 251 (Tex. Crim. App. 2007). Once such evidence is admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes. *Id.* at 251.

Stanton seems to argue that because he requested the State to elect which acts of indecency on which it intended to rely, a limiting instruction need not be requested at the time the extraneous offenses were admitted. However,

the caselaw he provides does not stand for this proposition, and he does not cite us to any cases which make this holding.

Accordingly, because Stanton did not ask for a limiting instruction when the evidence was admitted, he cannot now complain of the trial court's failure to give the instruction in the jury charge. *See Delgado v. State*, 235 S.W. 3d at 251. Issue two is overruled.

**CONCLUSION**

Having overruled each of Stanton's issues on appeal, we affirm the trial court's judgment.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED: May 14, 2026

Before Justice Smith,
     Justice Harris, and
     Senior Justice Gabriel[1]
Affirmed
Do Not Publish
CR25



---

[1] The Honorable Lee Gabriel, Senior Justice (Retired) of the Second Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.